WILLIAM C. KNIGHT, ET AL., *v.* E. C. BERRY, ET AL.

**Delivery and Acceptance of Deed.**

Where a deed is made to a number of grantees and delivered to one of them, who accepts its delivery to him, acceptance by him is delivery to and acceptance by all.

Rescission of Contract.

> Where a contract has been executed by a conveyance made and accepted, the contract cannot be rescinded unless there was fraud in procuring the acceptance of the deed, or for some reason such as the insolvency or non-residence of the grantor.

Burden of Proof on Grantee.

> Where a deed has been delivered and accepted and the grantee seeks a rescission of the contract on the ground of fraud, non-residence or insolvency of the grantor, the burden is on him to show grounds for relief, and when the case admits of it he should bring before the court those at whose hands he anticipates danger to his title, and compel them to set up and litigate their title and manifest its superiority, or be barred of further claim.

### APPEAL FROM BUTLER CIRCUIT COURT.

#### October 1, 1879.

OPINION BY JUDGE COFER:

The bargain was concluded and the notes executed more than four years and a half before this suit was commenced.

By the terms of the contract, as proved by Berry, Deweese was to make a deed at the time the contract was concluded. A deed was in fact written on that day and acknowledged by Deweese and his wife four days afterward, and left by some one in the office of the clerk of the county court of Butler county where the land lies.

Berry took possession immediately and has remained in undisturbed possession ever since. Soon after the date of the notes the greater part of them were assigned to the plaintiffs, and Deweese removed from the state and has been a non-resident ever since.

The Berrys continued to make payments from time to time, having paid more than one-half of the purchase money before this suit was commenced. They offered, more than once, to sell portions of the land, and declared they were able to convey a good title. They held no bond for title, and unless they accepted the deed they had no written memorial of the title, yet they continued to pay money from time to time to the assignees without at any time, so far as appears, making objection on account of a want of title in Deweese or because he had not made them a deed until about the time this suit was commenced.

Moreover, Deweese swears he made the deed and delivered it to some of the grantees and this is not in terms denied by any of them although they testified in the case. No attempt is made to explain

the unusual conduct of the purchasers in paying more than $2,000 of the purchase-money without any written memorial of the contract, and that to assignees, from whom they could not recover it back in case their non-resident vendor should refuse to convey to them. These facts seem to us not only to warrant, but to compel, the con-- clusion that the deed was accepted. *Harris v. Shirley's Ex'rs and Heirs,* 3 J. J. Marsh. 22.

When such a contract has been executed by a conveyance made and accepted, the contract cannot be rescinded, except there was fraud in procuring it or in procuring the acceptance of the deed, or for some reason, such as the insolvency or non-residence of the grantor, the warranty will prove ineffectual for the protection of the grantee in case of eviction. *Vance v. House's Heirs,* 5 B. Mon. 537; *Miller v. Long,* 3 A. K. Marsh. 334; *Royster v. Shackleford,* 5 Litt. 228.

Even when the grantor has become insolvent or a non-resident, an executed contract should not be rescinded unless the vendee show not only that there are defects in the title, but that there are reasonable grounds to apprehend that he is in peril of losing the land, or some part of it, on account of an outstanding title superior to that of his grantor. *Taylor v. Lyon,* 2 Dana. 276; *Vance v. House's Heirs,* 5 B. Mon. 537. The onus lies on the grantee in such a case to manifest grounds for relief, and when the case admits of it he should bring before the court those at whose hands he anticipated danger to his title, and compel them to set up and litigate their title and manifest its superiority, or be barred of all further claim. *Denny v. Wickliffe,* I Met. 216. And when such outstanding claims are set up the vendee should evince an honest disposition to have the title perfected or guaranteed, and make proper efforts for the effectuation of that end, and for a trial of all conflicting claims. *Taylor v. Lyon,* 2 Dana. 276.

Tested by these well-established equitable principles there should not have been a rescission in this case.

Accepting as true every substantive fact alleged in the amended cross-petition, which is unanswered, and every fact alleged in the original cross-petition, which is sustained by the evidence, there is not in our opinion any reasonable ground for apprehending that any considerable portion of the land conveyed to the appellees can be recovered by any of the persons named as having a claim to it. The greater portion of it has been held in actual adverse possession for

nearly forty years by the appellees and their vendors, immediate and remote. This possession has been held under a title of record which, though irregular and in some respects imperfect, has been so perfected by actual occupation and improvement as to bar all claimants not under disability to sue. That some of those whose title may not have passed under the conveyance under which the land is held may have been all the time under the disability of coverture is probable. But the interests of these persons are small, and while it is possible they may assert claim to the land it is quite improbable that they will do so.

The heirs of Phillip Phillips, the elder patentee, under whom the land is claimed, were made parties to appellees' cross-petition. Some of them reside in this state, but they were never brought before the court; others are non-residents, or unknown, and the cause was so prepared as to them that a judgment barring any claim on their part might have been entered, but this was not done. So far as the heirs of Robert Smith are concerned, the land has been held adversely to them for more than fifty years, and it has been held adversely to Samuel Smith and the Bank of the United States since 1836. The claims alleged to be asserted by Elder & Proctor Company were disowned by them. The objection that the deed of Preston and wife was not recorded in time to bar Mrs. Preston's potential right of dower was not set up as an objection to the title, and therefore furnished no ground for relief. The heir of Daniel Deweese was not made a party, and besides the evidence shows that he never had any enforcible claim to an interest in the land.

The objections to the title are unsubstantial, and did not, in our opinion afford sufficient ground for rescinding an executed contract. But the plaintiffs voluntarily tendered a bond with sureties worth in the aggregate many times the value of the land, and who resided in the county, guarantying the title. This may be taken to be an admission on their part that it was not entirely sufficient, and the court should have required the appellees to accept the bond, and then dismissed their cross-petition, at the plaintiffs' costs, and have rendered judgment to enforce the lien for the unpaid purchase money.

Judgment *reversed* and cause remanded for a judgment in conformity to this opinion.

*H. A. James, H. T. Clark, for appellants.*
*B. L. D. Guffy, William Ward, for appellees.*